UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 09-CV-21119-MARTINEZ-BROWN

OLGA CASTELLANOS,

Plaintiff,

vs.

INNOCO TECHNOLOGY GROUP, INC,
a Florida corporation, and ANIL K. SHARMA,
individually,

Defendants.
_________________________________________/

**STATEMENT OF CLAIM IN RESPONSE TO**
**COURT MANDATED REQUIREMENTS IN FLSA CASES**

Plaintiff, OLGA CASTELLANOS, by and through the undersigned counsel, hereby files this Statement of Claim in Response to Court Mandated Requirements in FLSA Cases, and in compliance therewith, states as follows:

As initially alleged in paragraph eleven (11) of the Plaintiff's Complaint, all records concerning the number of hours actually worked by Plaintiff is in the exclusive possession and sole custody and control of the Defendants. Nevertheless, and in compliance with this Court's practice in Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA") cases, the Plaintiff will attempt to calculate the damages owed based upon the information currently in his possession.

## I. AMOUNT OF UNPAID WAGES

The Plaintiff is seeking compensation for unpaid overtime during her tenure with the Defendants. Based upon the Plaintiff's calculations, the Plaintiff is owed 330 hours of unpaid

overtime at time and a half (1.5) for every hour over forty. Rather, Defendants were compensating Plaintiff on a salary basis of $500.00 a week.

As a result, Plaintiff is owed approximately **$6,187.50** in unpaid overtime compensation.[1]

## II. CALCULATION OF UNPAID WAGES

These figures were calculated based upon the following formula. Taking Plaintiff's $500.00 per week compensation, her regular rate was $12.50 per hour. During her 8 months of employment she accumulated approximately 330 overtime hours. Taking this hourly rate ($12.50) at time and a half overtime ($12.50 x 1.5) totals $18.75 per hour for these 330 hours. Taking these 330 hours (18.75 x 330), Plaintiff is owed approximately owed $6,187.50.

## III. CERTIFICATE OF COMPLIANCE

In accordance with this Court's request, once Defendants' counsel first appears in this case, the Plaintiff will promptly serve a copy of this notice, the statement, and copies of all documents supporting his claim.

[1] This figure does not encompass any liquidated damages that the Plaintiff is entitled to, pursuant to the FLSA, 29 U.S.C. §213,

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
E-mail: cjwhitelock@bellsouth.net
Co-Counsel for Plaintiff

*/s/ Christopher J. Whitelock*
Christopher J. Whitelock
Florida Bar No. 067539

LEVY & LEVY, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
E-mail: chad@levylevylaw.com
Co-Counsel for Plaintiff

*/s/ Chad E. Levy*
Chad E. Levy
Florida Bar No. 0851701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ *Chad E. Levy*
CHAD E. LEVY

**<u>SERVICE LIST</u>**

INNOCO TECHNOLOGY GROUP, INC.
Brian R. Hersh, as its Registered Agent
19 West Flagler Street
Miami, FL 33130

ANIL K. SHARMA,
2000 NW 84th Ave
Miami, FL 33126