# EXHIBIT “A”

EXHIBIT “A”

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-21119-CIV-MARTINEZ-BROWN**

**OLGA CASTELLANOS,**

**Plaintiff,**

**vs.**

**INNOCO TECHNOLOGY GROUP, INC.,**
**a Florida Corporation, and ANIL K. SHARMA,**
**individually,**

**Defendants.**
______________________________________/

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Plaintiff OLGA CASTELLANOS ("Plaintiff"), on his/her own behalf, and Defendants, INNOCO TECHNOLOGY GROUP, INC. and ANIL K. SHARMA (collectively the "Defendants"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

1. The parties hereto recognize that Defendants do not admit, but rather, specifically deny, liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause and are settling this claim as a business decision and to avoid the costs of litigation to prove that Defendants do not owe any monies to Plaintiff. Plaintiff represents and warrants that he/she knows of no other person who expressed a desire or intent to opt-into, or join, this action or file a similar claim against Defendants or any related entity, who has not already filed such a claim.



O.C Initials 06/08/09 Date
AS Initials 06/11/09 Date

2. Defendants agree to pay, and Plaintiff and his/her attorney agree to accept, the sum of Eight Thousand Five Hundred dollars & 00/100 ($8,500.00) to be paid as set forth below, and other good and valuable consideration as described below; and Plaintiff hereby remises, acquits, releases, satisfies and discharges, on his/her own behalf (and on behalf of anyone who could claim by and through him/her, including his/her attorneys and any of Plaintiff's related parties and significant others), Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, including but not limited to Anil K. Sharma, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, advisors, attorneys and representatives (collectively "Releasees" or "Defendants"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in the above-



O.C. 06/08/09
Initials Date
A.S. 06/11/09
Initials Date

numbered and titled lawsuit. The Release by Plaintiff of Releasees includes, but is not limited to:

a. Any and all claims for damages, salary, wages, compensation, overtime compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys fees, and costs arising from Plaintiff's employment or otherwise, whether known or unknown.

b. Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, and the termination/separation thereof, with Defendants and Releasees, including but not limited to any and all claims for wages, discrimination, harassment of any kind, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation retaliation, interference with an



O.C 06/08/09
Initials Date
A.S. 06/11/09
Initials Date

advantageous business relationship, negligent hiring, negligent Mention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Right Act of 1964, as amended, the Florida Civil Rights Act, of 1992, Chapter 760, Fla. Stats., and the Fair Labor Standards Act, as amended, and any other claim of any kind.

c. A waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiffs relationship or employment with Releasees, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

d. For the avoidance of doubt, the Plaintiff hereby represents that it is his/her intention to forever release and waive any and all claims or rights of action against the Defendants that he/she may have, known or unknown, as of the date hereof.

3. As part of this Agreement and a result of the payments made to Plaintiff by Defendants, Plaintiff agrees that Plaintiff has now been paid for all hours worked and overtime compensation while employed by Defendants and agrees that Defendants (and



O.C. 06/08/09
Initials Date
A.S. 6/11/09
Initials Date

Releasees) do not owe Plaintiff any other monies with regard to compensation associated for horns worked.

4. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Releasees or their subsidiaries or related entities at any time in the future. The parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by Plaintiff and therefore, as part of this Settlement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to seek employment with Releasees or any of Defendant's subsidiaries or related entities at any time in the future and not to discuss his/her claims and the issues related thereto with any current or former employee of Releasees or any related entity. Releases are under no obligation or duty to consider Plaintiff for re-employment in the future.

5. The parties further agree that the Court may dismiss, with prejudice, the above-Styled lawsuit, which is pending in the United States District Court for the Southern District of Florida, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of all sums paid by Defendants hereunder.

6. Plaintiff covenants and agrees that Plaintiff has and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such



O.C. 06/08/09
Initials Date

A.S. 06/11/09
Initials Date

terms or conditions to any person, though Plaintiff may provide this agreement to Plaintiff's attorney, provided Plaintiff instructs each attorney and obtain from them their agreement to maintain the confidentiality provided herein. Plaintiff further agrees that neither Plaintiff nor Plaintiff's present or future representatives, attorneys or agents shall issue any publicity release or otherwise publicize, communicate, reveal or give out in any manner Plaintiff's claims and the issues arising from those claims, or the terms of this Agreement, except as necessary in the course of preparing benefit or tax documents, except in legal proceedings based on the terms and provisions hereof and except to Plaintiff's legal counsel and any financial advisor or accountant, provided such individuals are instructed and obligated thereby to maintain such terms in strict confidence to the same degree as Plaintiff and provided any disclosure by Plaintiff shall be attributable to and the responsibility of Plaintiff hereunder. Plaintiff agrees that the filing of this agreement for approval by the Court does not relieve Plaintiff of any obligation under this Paragraph.

7. It is further agreed and understood that Defendants shall, within five (5) days of approval by the Court of this settlement agreement duly executed by the parties, Defendants will send the settlement proceeds via Federal Express to Chad Levy, Esq., 300 S.E. 13th Street, Fort Lauderdale, Florida 33316, as follows:

(a) Four Thousand Two Hundred Fifty Dollars ($4,250.00), payable to Levy & Levy, P.A., Trust Account (this amount will be reported on Form 1099s to be issued to Levy & Levy, P.A. and Plaintiff for the 2009 tax year); and



O.C. 06/08/09
Initials Date

A.S. 06/11/09
Initials Date

(b) Four Thousand Two Hundred Fifty Dollars ($4,250.00), payable to Levy & Levy, P.A., Trust Account (Plaintiff's counsel agrees that this check shall not be deposited until the lapse of thirty (30) days after the date the Court approves this settlement agreement) (this amount will be reported on Form 1099s to be issued to Levy & Levy, P.A. and Plaintiff for the 2009 tax year).

8. In consideration of the monies and other good and valuable consideration provided for herein, Plaintiff represents and warrants that Plaintiff will comply with all the terms of this Settlement Agreement. Should Plaintiff breach any provisions or paragraphs of this Agreement, Defendants shall have all rights, remedies and/or causes of action available at law or in equity. Should Defendant breach any provisions or paragraphs of this Agreement, Plaintiff shall have all rights, remedies and/or causes of action available at law or in equity. It is understood that Defendants shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Plaintiff acknowledges that any breach of this Agreement shall entitle the Defendants to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Plaintiff. It is understood that Plaintiff shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Defendant acknowledges that any breach of this Agreement shall entitle the Plaintiff to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Defendant.



O.C. 06/08/09
Initials Date

A.S. 06/15/09
Initials Date

9. In exchange for the agreements and other consideration described herein, Defendants fully and completely waive, release, and forever discharge the Plaintiff from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs and/or any other liabilities of any kind, nature, description, or character whatsoever that Defendants may have against Plaintiff arising out of Plaintiff's employment with Defendants, the separation of his/her employment with Defendants, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Settlement Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise.

10. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding, except that if paragraphs 2, 3, 4 and 6 are found to be unenforceable and the terms of those provisions cannot be resolved satisfactorily by the parties, then at the option of Defendants, this Agreement shall be null and void and Defendants shall be entitled to the return of all sums paid by Defendants hereunder. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.



O.C. 06/08/09
Initials Date

A.S. 06/11/09
Initials Date

11. It is further understood and agreed that the total sum of $8,500.00 paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiff hereby represents and warrants that he/she has entered into this Settlement Agreement of his/her own free will and accord and in accordance with Plaintiff's own judgment, and after consultation with Plaintiff's attorneys. Plaintiff hereby states that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this Agreement and release and therefore states that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.

12. Neither Plaintiff nor any of his representatives shall publicize or disclose to any person or entity other than among themselves: (1) any confidential, proprietary or privileged information pertaining to Defendants of which Plaintiff is aware; or (2) any disparaging statements regarding Defendants. Defendants agree to not make any disparaging statements regarding Plaintiff and will provide a neutral reference for Plaintiff upon request. Plaintiff shall not publicize or disclose to any person or entity, other than to Plaintiff's spouse, accountant, tax preparer, legal counsel or to any appropriate governmental taxing authority, any of the terms of this Settlement Agreement or the alleged facts giving rise thereto. However, any disclosure of information covered



O.C. 06/08/09
Initials Date

AS 06/11/09
Initials Date

by this paragraph to his spouse, counsel, accountant or tax preparer shall only be made upon receipt of an undertaking by such person(s) to refrain from disclosing such information other than as permitted by the provisions of this paragraph. Upon inquiry regarding this proceeding, or any other proceeding referred to herein, Plaintiff and/or his representatives shall only state that it has been resolved. Plaintiff understands and agrees that a violation of this paragraph will constitute a material breach of this Agreement which will cause Defendants to suffer immediate, substantial and irreparable injury, and which will be a sufficient basis for a Court to award injunctive relief and monetary damages to Defendants without affecting the remainder of this Agreement. Defendants also agree not to publicize or disclose any of the terms of this Settlement Agreement or the alleged facts giving rise thereto, except to its financial advisors, attorneys and senior management.

**13. Plaintiff acknowledges that Plaintiff has thoroughly read the entire Agreement, and specifically acknowledges the following:**

**a. Plaintiff understands the language of the settlement agreement and release, and that any questions Plaintiff may have had during Plaintiff's review of the Agreement were explained to Plaintiff's satisfaction and understanding by retained legal counsel of his/her choosing;**

**b. Plaintiff understands that the waiver and release specifically includes a waiver of Plaintiff's rights and claims arising under the ADEA;**

**c. Plaintiff understands that Plaintiff is not waiving any rights or claims that may arise after the date that this settlement agreement and**



O.C. 06/08/09
Initials Date
A.S. 6/11/09
Initials Date

**release is executed;**

**d. Plaintiff's waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which Plaintiff may already be entitled;**

**e. Plaintiff has been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of his/her choosing prior to executing this Agreement.**

**f. Plaintiff is satisfied with the legal representation and legal services provided by his/her legal counsel in this case.**

14. Plaintiff agrees to and shall indemnify, defend and hold the Defendants harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, which may be or are asserted against or imposed upon the Defendants by any taxing authority based upon any failure to withhold any amount from the amount paid in paragraph 7, above, for tax purposes, and Plaintiff shall pay the Defendants, upon demand, all reasonable attorneys' fees and costs incurred by the Defendants relating thereto.

15. The parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being residents of Miami-Dade County, Florida, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in Miami-Dade County, Florida.



O.C. 06/08/09
Initials Date

A.S. 06/11/09
Initials Date

16. It is further agreed that each party shall bear their, its or his/her own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Settlement Agreement.

17. This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

18. Plaintiff understands and agrees that he/she would not receive the monies and/or benefits specified above, except for his/her execution of this Agreement and the fulfillment of the promises contained herein.

19. The parties acknowledge that approval of this Agreement by the Court is a prerequisite to its validity. The parties agree that the Agreement shall not become effective or enforceable until the Court approves the Agreement and enters the Final Judgment of Dismissal. The parties agree that the Court may retain jurisdiction to enforce the terms of this Agreement.

20. For the purpose of implementing a full and complete Release, the parties expressly acknowledge that the Releases they give in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.



O.C. 06/08/09
Initials Date

A.S. 06/11/09
Initials Date

21. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

22. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

23. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof.

24. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

Date: 06/08/09

OLGA CASTELLANOS

INNOCO TECHNOLOGY GROUP, INC.

Date: 06/11/09

By:
Name: Anil K. Sharma, President

Date: 06/11/09

ANIL K. SHARMA



O.C 06/08/09
Initials Date

A.S. 06/11/09
Initials Date